WILLIAM E. FITZPATRICK
Acting United States Attorney

DAVID A. HUBBERT
Acting Assistant Attorney General

ERIN F. DARDEN
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C. 20044
202-307-6501
Erin.Darden@usdoj.gov

*Counsel for United States*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: ) | Case No. 16-bk-26586- JNP |
| ) | Chapter 13 |
| ARIEL LOAEZA-HERNANDEZ and ) | Judge Jerrold N. Poslusny, Jr. |
| MARIA D. LOAEZA, ) | |
| ) | |
| Debtors. ) | |
| ) | |

**UNITED STATES' OBJECTION TO CONFIRMATION OF DEBTORS' CHAPTER 13 PLAN**

The United States of America objects to confirmation of the debtors' chapter 13 plan dated September 6, 2016, pursuant to 11 U.S.C. § 1324(a), because the debtors have unfiled pre-petition federal income and employment tax returns, and the plan inadequately provides for the United States' priority and secured claims. The plan is therefore infeasible and ineligible for confirmation under 11 U.S.C. §§ 1322, 1325(a)(1), (6), and (9). In support of this objection, the United States avers as follows:

The Internal Revenue Service ("IRS"), on behalf of the United States, filed an amended proof of claim for $440,854.92, which consists of a $6,786.00 secured claim, a $324,273.94 estimated priority claim, and a general unsecured claim of $109.794.98.

The debtors' plan proposes to pay $3,600 over three years. The debtors have unfiled pre-petition tax returns. As a result, the IRS is unable to determine the amount of its priority claim. Consequently, the plan fails to provide for the United States' priority claim. It also fails to provide for the United States' secured claim. The inadequate provisions for the United States' claims makes the plan ineligible for confirmation.

Section 1325 of the Bankruptcy Code sets out the requirements for confirmation of a debtor's plan. Prior to confirmation, debtors must file all tax returns as required by the code. 11 U.S.C. § 1325(a)(9). A plan must be confirmed only if it is feasible, meaning, "the debtor will be able to make all payments under the plan and to comply with the plan." 11 U.S.C. § 1325(a)(6). Additionally, each plan must comply with all provisions of the Chapter 13 Bankruptcy Code, and a plan that does not comply, must either be amended or face dismissal by the court. 11 U.S.C. § 1307 (c)(5).

### I.     The Debtor has Unfiled Pre-Petition Tax Returns

The debtors' plan cannot be confirmed because the debtors failed to file all pre-petition tax returns. Under section 1325(a)(9), a debtor must file all tax returns for the four-year period preceding the date of the petition, before the meeting of the creditors is first scheduled. 11 U.S.C. §§ 1325(a)(9) and 1308(a).

The debtors filed their bankruptcy petition on August 29, 2016. This means they were required to file tax returns for all tax periods ending between the filing and date and four years earlier, i.e. August 29, 2012, before the meeting of the creditors on December 9, 2016. The

debtors have not filed their federal income tax returns for 2013 and 2014, nor have they filed their annual federal tax return for agricultural employers for 2011, 2012, 2013 and 2014. Therefore, the debtors' plan cannot be confirmed because the debtors have not filed all tax returns as required under section 1325(a)(9).

**II.     Debtors' Plan Fails to Provide for the United States' Priority Claim.**

Confirmation should be denied because the debtors' plan does not comply with provision 1322(a)(2) of the Code. Section 1322(a)(2) provides that claims that are entitled to priority under section 507 of the Bankruptcy Code must be paid in full, unless the holder of the claim agrees to different treatment. A claim for federal tax liability is entitled to priority under section 507(a)(8), if for any "tax required to be collected or withheld and for which the debtor is liable ." 11 U.S.C. § 507(a)(8)(C). A claim for federal income tax liability is also entitled to priority if the tax return for the taxable year was due "after three years before the date of the filing of the petition." 11 U.S.C. § 507(a)(8)(A).

The United States has an estimated priority claim of $324,273.94, by virtue of outstanding income tax and employment tax liabilities and civil penalties for tax periods ending December 31, 2008 through December 31, 2009, and December 31, 2013 through December 31, 2015. This claim is entitled to priority under section 507 of the Bankruptcy Code because the debtors are liable for these taxes that are required to be collected, and the tax returns were last due within three years of the petition date. 11 U.S.C. § 507(a)(8)(A) and (C). The debtors' plan currently does not provide an amount for the United States' priority claim presumably because the United States' claim is estimated. However, once the debtors file all missing returns, and the IRS is able to determine the appropriate amount of its priority claim, the debtors must provide for the full payment of the United States' priority claim. Currently, the plan does not provide for

3

full payment for this priority claim as required under 11 U.S.C. § 1322(a)(2), therefore the plan cannot be confirmed.

### III. Debtors' Plan Inadequately Provides for the United States' Secured Claim.

The debtors' plan fails to adequately provide for the United States' secured claim. A claim is secured only to the extent of the value of a debtor's collateral. *Matter of Maddox*, 194 B.R. 762, 764 (Bankr. D.N.J.), aff'd sub nom. *In re Maddox*, 200 B.R. 546 (D.N.J. 1996).

The United States' claim is secured because the IRS recorded a Notice of Federal Tax Lien in the Office of the Atlantic County Clerk in Mays Landing, New Jersey, on May 7, 2013 and February 26, 2010. The debtors do not provide for the United States' secured claim at all. However, based on the debtors' Schedule B, they have the ability to pay the United States' secured claim in full, and the plan should not be confirmed.

### III. Debtors' Plan is Infeasible

The necessary increase in payment to provide for the United States' claims makes the plan infeasible and thus not confirmable. The debtors propose to pay $100 per month for 36 months, totaling $3,600. The plan currently inadequately provides for the United States' priority and secured claims. With the addition of $6,786.00 to satisfy the United States' secured claim, and at least $324,273.94 to satisfy the priority claim, it seems improbable that the debtors will be able to make their plan payments.

Given the state of the debtors' finances as reflected on their schedules, it is unclear how they could possibly satisfy their obligation to the United States upon confirmation of their plan without the benefit of some outside source of funds not mentioned in the plan. Without the benefit of such additional income, any money used to satisfy the United States' priority and secured claim would be drawn from their current disposable income. This diversion of income

would make it impossible for them to continue to make the payments to the trustee called for by the plan. In light of these facts, confirmation is improper under 11 U.S.C. § 1325(a)(1), (6) and (9).

WHEREFORE, the United States requests that the Court deny confirmation of the debtors' chapter 13 plan.

Date: March 29, 2017

> DAVID A. HUBBERT
> Acting Assistant Attorney General
>
> */s/ Erin F. Darden*
> ERIN F. DARDEN
> Trial Attorney, Tax Division
> U.S. Department of Justice
> P.O. Box 227
> Washington, D.C.  20044
> 202-307-6501 (v)
> 202-514-6866 (f)
> Erin.Darden@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on March 29, 2017, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to those registered to receive it.

>                   */s/ Erin F. Darden*
>                   ERIN F. DARDEN
>                   Trial Attorney
>                   United States Department of Justice, Tax Division